UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

HENRY C. CAST, )
    Plaintiff )
 )
vs. ) Civil Action No. 05-1098-T An
 )
JO ANNE B. BARNHART, )
COMMISSIONER OF )
SOCIAL SECURITY, )
 )
    Defendant )

## FINAL JUDGMENT REVERSING COMMISSIONER AND ORDERING REMAND UNDER SENTENCE FOUR OF 42 U.S.C. § 405 (g)

After reviewing the above-captioned case, agency counsel requested that the Appeals Council undertake further review of this case, which it agreed to do. Accordingly, the parties jointly propose that this case be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration and a new hearing.

IT IS THEREFORE ORDERED that the Commissioner's decision is reversed and the matter remanded under sentence four of 42 U.S.C. § 405(g) for further development. Upon remand, the Appeals Council will instruct the administrative law judge ("ALJ") to conduct a new hearing and issue a new decision, wherein he will properly evaluate the opinion of Plaintiff's treating physician, Dr. Cannon, and specifically articulate the reasons for the weight given to such opinion. On December 20, 2003, Dr. Cannon opined that Plaintiff could not sit, stand, walk, or sit for extended periods of time. The ALJ did not mention Dr. Cannon or indicate what weight, if any, was given to his opinion, nor did he include Dr. Cannon's limitations within his residual functional capacity finding ("RFC"). Also, it is not clear from Dr. Cannon's opinion the extent to which he believes Plaintiff's standing, walking or sitting is limited. Therefore, upon remand, the ALJ will also be instructed to re-contact Dr. Cannon for clarification of his opinion regarding Plaintiff's limitations.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 7/29/05

Upon clarifying and properly evaluating Dr. Cannon's opinion, the ALJ will be instructed to re-evaluate Plaintiff's residual functional capacity ("RFC"). Additionally, the Appeals Council will direct the ALJ to re-evaluate Plaintiff's ability to perform her past relevant work. The ALJ found that Plaintiff could perform his past work as an auto/diesel truck mechanic and a shop supervisor for leasing and repairing trucks. However, because the ALJ has to re-evaluate Plaintiff's RFC, it naturally follows that, upon remand, the ALJ will need to re-evaluate Plaintiff's ability to perform his past relevant work taking into account his new RFC finding. In doing so, the Appeals Council will instruct the ALJ to explicitly compare Plaintiff's RFC with the demands of his past relevant work. The Appeals Council will also instruct the ALJ to properly evaluate Plaintiff's ability to perform other work if it is determined that Plaintiff is unable to perform his past relevant work.

Upon remand, the Commissioner shall take action consistent with the foregoing.

SO ORDERED.

28 July 2005
Date

James D. Todd
James D. Todd
United States District Court Judge

APPROVED BY:

Chris A. Cornaghie
Chris A. Cornaghie       By Joe Cunningham
1407 Union Avenue        By Consent
Suite 1203
Memphis, Tennessee 38104

Attorney for Plaintiff

2

TERRELL L. HARRIS
United States Attorney

By _____
Joe A. Dycus (#008730 Tennessee)
Assistant United States Attorney
167 N. Main Street, 8th Floor
Memphis, Tennessee 38103
(901) 544-4231

Attorney for the United States

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 12 in case 1:05-CV-01098 was distributed by fax, mail, or direct printing on July 29, 2005 to the parties listed.

---

Joe A. Dycus
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Chris A. Cornaghie
LAW OFFICE OF CHRIS CORNAGHIE
1407 Union Ave.
Ste. 1203
Memphis, TN 38104

Honorable James Todd
US DISTRICT COURT